UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIDA LECKMAN and ALEXANDR S.
LECKMAN,

    Plaintiffs,

v.                                                                  Case No. 12-14699
                                                                 HON. AVERN COHN

CITIMORTGAGE, INC., UNKNOWN TRUSTEE,
as the unknown trustee of the asset-backed security
in which the loan at issue was pooled, and UNKNOWN
TRUST, the unknown asset-backed security in
which the loan was pooled,

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING IN PART
PLAINTIFFS' MOTION TO REMAND (Doc. 8)**[1]

**I.**

This is a case challenging foreclosure proceedings. Plaintiffs have named Citimortgage, Inc. (Citi), "Unknown Trustee as trustee on behalf of the asset-backed-security in which the loan at issue was pooled" and "Unknown Trustee, the unknown asset-backed security in which the loan was pooled" as defendants. The complaint asserts several claims, the majority of which are under state law, as follows:

    Count 1    Declaratory Relief that the foreclosure violations MCL 600.3204(4), 600.3205a and 600.3205c

    Count 2    Intentional Fraud

    Count 3    Constructive Fraud

---

    [1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

| | |
|---|---|
| Count 4 | Tortious Interference with Contractual Relations |
| Count 5 | Civil Conspiracy |
| Count 6 | Declaratory Relief Regarding Defendants' Failure to Comply withe Condition Precedent under the Code of Federal Regulations |
| Count 7 | Declaratory Relief that the Foreclosure is Barred by Unclean Hands |
| Count 8 | Breach of Implied Duty of Good Faith and Fair Dealing |
| Count 9 | Fair Debt Collection Practices Act |
| Count 10 | Michigan's Regulation of Collection Practices Act |
| Count 11 | Accounting |

Citi removed the case to federal court on the grounds of federal question jurisdiction under 28 U.S.C. § 1441(a).

Before the Court is plaintiffs' motion to remand. Plaintiffs contend (1) removal was improper because the "Unknown Trustee" and "Unknown Trust" did not consent to the removal, and (2) removal was improper because Citi did not attach the summons with the removal papers, and (3) the Court should decline to exercise supplemental jurisdiction over plaintiffs' state law claims because the complaint primarily arises under state law. For the reasons that follow, the motion will be granted in part. Plaintiffs' state law claims will be remanded.

## II.

Putting aside whether the "Unknown Trustee" or the "Unknown Trust" were properly served such that their consent was required for removal, and putting aside plaintiffs' argument as to procedural irregularities regarding the summons, it is clear that the complaint presents a federal question which confers jurisdiction. The question then is whether supplemental jurisdiction is proper over the remaining state law claims.

A review of the complaint reveals it based mostly on state law.  Only two counts of the complaint purport to raise federal claims.  Count 6 asserts a federal claim under the Code of Federal Regulations and Count 9 asserts a claim under the Fair Debt Collection Practices Act.  While Citi argues Counts 5 and Count 8 also assert federal claims because the allegations under these counts have underpinnings of federal law, neither count asserts a freestanding federal claim.  Moreover, Citi says that the complaint, properly interpreted, only asserts four state law claims because Counts 1, 2, and 3 are essentially the same.  The Court declines to draw such a conclusion and instead takes the complaint as it stands.  Thus, overall the complaint asserts predominately state law claims.

Although supplemental jurisdiction exists over the state-law claims under 28 U.S.C. § 1367(a), a district court may decline to exercise supplemental jurisdiction if the state-law claims raise "novel or complex" issues of state law, "substantially predominate[] over the claim or claims over which the district court has original jurisdiction," or if "there are other compelling reasons for declining jurisdiction."  Id. § 1367(c)(1), (c)(2), (c)(4).

Here, plaintiffs' state-law claims present novel issues of state law regarding the validity of the loan process and subsequent foreclosure, they substantially predominate over the federal claims, and would be more appropriately adjudicated by a state court. See Padilla v. City of Saginaw, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994).  Indeed, the Court of Appeals for the Sixth Circuit observed years ago that "mortgage foreclosure and defenses to foreclosure traditionally are matters of state law." First Family Mortgage Corp. of Florida v. Earnest, 851 F.2d 843, 846 (6th Cir. 1988)(citations

3

omitted).

### III.

For the reasons stated above, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims. Plaintiffs' motion to remand is GRANTED IN PART. Counts 1, 2, 3, 4, 5, 7, 8, 10 and 11 are REMANDED to Oakland County Circuit Court. Counts 6 and 9 continue.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 11, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 11, 2012, by electronic and/or ordinary mail.

 S/Sakne Chami
Case Manager, (313) 234-5160